JS 44 (Rev 06/17)

# CIVIL COVER SHEET

Schmehl *JLS*

5:19-5354

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Raiza Williams

### DEFENDANTS
Kutztown University and John Nadolski

19  5354

**(b)** County of Residence of First Listed Plaintiff  **Bucks County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Berks County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin I. Lovitz, Esquire
Lovitz Law Firm
1650 Market St., 36th Flr, Philadelphia, PA 19103 - Tel 215-735-1996

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VI of the Civil Rights Acts of 1964, ("Title VII"), 42 U.S.C. Section 2000(e), et seq.
Brief description of cause:
Sexual Harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 100,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 11/13/2019
SIGNATURE OF ATTORNEY OF RECORD

NOV 13 2019
NOV 13 2019

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JLS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   5354

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1255 Eaton Avenue, Bethlehem, PA 18118_

Address of Defendant: _15200 Kutztown Road, Kutztown, PA 19530 and Unknown_

Place of Accident, Incident or Transaction: _15200 Kutztown Road, Kutztown, PA 19530_

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _AIR_   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/13/2019_   _____   70184
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
   *(Please specify):* _42 USC §2000(e), et seq._

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Kevin I. Lovitz, Esquire_, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _11/13/2019_   _____   70184
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

NOV 13 2019

JLS

IN THE UNITED STATES DISTRICT COURT   APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

19 5354

Raiza Williams
            Plaintiff,         :                 CIVIL ACTION

         v.

Kutztown University and John Nadolski
           Defendants    :                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ☑

11/13/2019
**Date**                                              **Attorney-at-law**

                                                Kevin I. Lovitz, Esquire

                                                Attorney for Raiza Williams

(Civ. 660) 7/95

NOV 13 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19     5354

| | |
|---|---|
| RAIZA WILLIAMS, <br> Plaintiff, | CIVIL ACTION |
| v. | No: |
| KUTZTOWN UNIVERSITY, and <br> JOHN NADOLSKI | JURY DEMAND |
| Defendants | |

**PLAINTIFF AND JURY DEMAND**

**I.   INTRODUCTION**

Plaintiff, Raiza Williams, files this claim against Defendants, Kutztown University (hereinafter referred to as "Defendant University") and Defendant, John Nadolski (hereinafter referred to as ("Nadolski"), seeking prospective injunctive relief upon causes of action whereof the following are a statement:

1.   This is an action for a prospective injunctive relief pursuant to the *Doctrine of Ex Parte Young*, on behalf of Plaintiff, a former employee of Defendant Kutztown University ("Defendant University"), who has been harmed by the Defendants' harassing and discriminatory employment practices.

2.   This action also arises against Defendant University under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and under The Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

## II. **JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f), the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., and the *Doctrine of Ex Parte Young*, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

6. All conditions precedent to the institution of this suit have been fulfilled. On September 5, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"). This action was filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. **PARTIES**

7. Plaintiff, Raiza Williams, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 1255 Eaton Avenue, Bethlehem, Pennsylvania.

8. Defendant, Kutztown University, was and is now an institution of higher learning duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address of 15200 Kutztown Road, Kutztown, Pennsylvania.

9. Defendant, John Nadolski, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at an undetermined address. At all times relevant hereto, Nadolski was the Comptroller of the Defendant University.

10. At all times relevant hereto Defendants were acting through their agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

11. At all times material herein, the Defendants have been a "person" and "employer" as defined under Title VII, the ADEA and the PHRA, and are subject to the provisions of each Act.

## IV. STATEMENT OF CLAIMS

12. Plaintiff was employed by the Defendant University as a Physical Technician from on or about September 10, 200,1 until on or about October 24, 2017, when she was constructively terminated from her employment.

13. During the course of her employment, Plaintiff performed her job functions with Defendant University in a dutiful and competent manner.

14. At the end of May, 2017, Plaintiff was told by her Manager, Defendant, Nadolski, Comptroller of Defendant University, that she was "temporarily" being transferred into the Accounts Payable office. As a result of that move, many of the Plaintiff's job functions were likewise removed from her.

15. Plaintiff registered several complaints with Defendant, Nadolski that she believed that the transfer was improper and ill motivated.

16. On or about October 4, 2017, Defendant, Nadolski informed Plaintiff that her position had been "closed" and that she was going to remain working permanently

in the Accounts Payable office. As such, Plaintiff was effectively demoted from her former position of employment without reason or explanation.

17. At or about that time, Plaintiff also learned that a similarly-situated younger Caucasian employee, Alyssa Achey ("Achey") (age 25), was promoted to the position of Supervisor. The Plaintiff was not offered any opportunity to apply for this position in that it was not publicly posted.

18. Moreover, Plaintiff was substantially more experienced and qualified than Achey for the said position in that she had 16 years of experience with Defendant University as compared to Achey's two (2) years of experience. Furthermore, Plaintiff attained a Bachelor's Degree in May, 2016, while Achey merely had a high school diploma.

19. In addition, throughout the course of Plaintiff's employment, she was subjected to various discriminatory and derogatory remarks regarding her race (Hispanic)., all of which conduct created a hostile and intolerable working environment.

20. In connection thereto, Plaintiff was criticized for speaking Spanish in the office on several occasions by her co-workers, and was subjected to other derogatory remarks from her colleagues. On one such occasion, a colleague by the name of Greg Dottor, approached her and asked her if she had a place "back home" because with Donald Trump, "one never knows."

21. On another occasion, Achey made a derogatory comment towards the Plaintiff to the effect that she could not pronounce a particular Hispanic name due to the fact that she was "too white."

22. Plaintiff has registered several complaints with the Defendant's Management, including Defendant, Nadolski, regarding her belief that she was being subjected to a systematic pattern of racial discrimination and age-based discrimination with respect to several aspects of her employment, including her demotion, non-promotion, and the hostile working environment she was experiencing.

23. Plaintiff also registered a complaint with Defendant's Social Equity Office regarding the aforesaid acts of discrimination. Notwithstanding the complaints she registered, Defendant University failed to take any remedial action on her behalf or to cause the aforesaid acts of discrimination to cease and desist.

24. As a result of the aforesaid acts of discrimination against her, Plaintiff was forced to take a sabbatical from her position of employment on or about May 25, 2018. Plaintiff was scheduled to return to her position on or about May 19, 2019.

25. As a direct result of being forced to take the aforesaid sabbatical, Plaintiff lost her medical benefits and was required to exhaust her retirement monies so that her medical coverage could continue during her leave.

26. As a further adverse result of her taking a sabbatical, Plaintiff was informed that she was no longer able to return to her position of her employment and was therefore, constructively terminated from her employment.

27. Plaintiff believes and therefore avers that she was subjected to racial and age-based discrimination in the terms, conditions, and privileges of her employment, ultimately resulting in her demotion and/or denial of promotion, and in her constructive discharge, as aforesaid.

## COUNT I
### Title VII
### (Racial Discrimination)
### Plaintiff v. Defendant University

28. Plaintiff incorporates by reference paragraphs 1 through 27 of her Plaintiff as though fully set forth herein at length.

29. Defendant University has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a hostile and offensive working environment, demoting Plaintiff, and denying Plaintiff promotional opportunity, subjecting Plaintiff to retaliatory working conditions after she complained about said harassment, which resulted in her constructive dismissal from employment.

## COUNT II
### ADEA
### (Age Discrimination)
### Plaintiff v. Defendant University

30. Plaintiff incorporates by reference paragraphs 1 through 29 of her Complaint as though fully set forth herein at length.

31. Defendants University has engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which Defendant's University is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a hostile and offensive working environment, demoting Plaintiff, and denying Plaintiff a promotion opportunity, subjecting Plaintiff to retaliation after she complained about said harassment, resulting in her constructive termination from employment.

### COUNT III
### PHRA
### (Race and Age Discrimination)
### (Plaintiff v. Defendant University)

32. Plaintiff incorporates by reference paragraphs 1 through 31 of her Complaint as though fully set forth herein at length.

33. Defendants University has engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which Defendant's University is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a hostile and offensive working environment, demoting Plaintiff, and denying Plaintiff a promotion opportunity, subjecting Plaintiff to retaliation after she complained about said harassment, resulting in her constructive termination from employment.

### COUNT IV
### (*Doctrine of Ex Parte Young*)
### Plaintiff v. Defendant Nadolski

34. Plaintiff incorporates by reference paragraphs 1 through 33 of her Complaint as though fully set forth herein at length.

35. Defendant, Nadolski has engaged in unlawful practices in violation of the *Doctrine of Ex Parte Young*. The said unlawful practices for which Defendant, Nadolski is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a hostile and offensive working environment, demoting Plaintiff and denying Plaintiff a promotional opportunity subjecting Plaintiff to more onerous working condition after she complained about said harassment; and constructively terminating her employment in retaliation for opposing her conduct.

## PRAYER FOR RELIEF

36. Plaintiff incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and order that:

(a) Defendants reinstate Plaintiff her former position of employment with all of her benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay Plaintiff's attorneys fees, costs of suit and other expenses as allowed by law;

(c) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

LOVITZ LAW FIRM

BY: _____
KEVIN L. LOVITZ, ESQUIRE
I.D. No. 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(267)-319-7943 Fax
Attorney for Plaintiff, Raiza Williams