IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAIZA WILLIAMS | : |
| Plaintiff | : CIVIL ACTION |
| v. | : No: 19:5354 |
| KUTZTOWN UNIVERSITY | : JURY DEMAND |
| Defendant | : |

## AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff, Raiza Williams, files this claim against Defendant, Kutztown University (hereinafter referred to as "Defendant University") upon cause of action whereof the following are a statement:

1. This is an action for injunctive relief and damages, on behalf of Plaintiff, a former employee of Defendant University, who has been harmed by the Defendant University harassing, discriminatory and retaliatory employment practices.

2. This action arises against Defendant University under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

### II.   JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to secure equitable and other relief under the appropriate governing statutes.

4.     The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.     All conditions precedent to the institution of this suit have been fulfilled. On September 5, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"). This action was filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

### III.    PARTIES

6.     Plaintiff, Raiza Williams, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 1255 Eaton Avenue, Bethlehem, Pennsylvania.

7.     Defendant, Kutztown University, was and is now an institution of higher learning duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address of 15200 Kutztown Road, Kutztown, Pennsylvania.

8.     At all times relevant hereto Defendant University was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant University.

9.     At all times material herein, the Defendant University has been a "person" and "employer" as defined under Title VII, and is subject to the provisions of said Act.

### IV.    STATEMENT OF CLAIMS

10.    Plaintiff was employed by the Defendant University as a Physical Technician from on or about September 10, 2001, until on or about October 24, 2017,

when she was constructively terminated from her employment as a result of the unlawful employment practices complained herein.

13. During the course of her employment, Plaintiff performed her job functions with Defendant University in a dutiful and competent manner.

14. At the end of May, 2017, Plaintiff was told by her Manager, John Nadolski, ("Nadolski") Comptroller of Defendant University, that she was "temporarily" being transferred into the Accounts Payable office. As a result of that move, many of the Plaintiff's job functions were likewise removed from her.

15. Plaintiff registered several complaints with Nadolski that she believed that the transfer was improper and ill motivated.

16. On or about October 4, 2017, Nadolski informed Plaintiff that her position had been "closed" and that she was going to remain working permanently in the Accounts Payable office. As such, Plaintiff was effectively demoted from her former position of employment without reason or explanation.

17. At or about that time, Plaintiff also learned that a similarly-situated employee was promoted to the position of Supervisor. Plaintiff was not offered any opportunity to apply for this position in that it was not publicly posted.

18. Moreover, Plaintiff was substantially more experienced and qualified than Achey for the said position in that she had 16 years of experience with Defendant University as compared to Achey's two (2) years of experience. Furthermore, Plaintiff attained a Bachelor's Degree in May, 2016, while Achey merely had a high school diploma.

19. In addition, throughout the course of Plaintiff's employment, she was subjected to various discriminatory and derogatory remarks regarding her race (Hispanic) all of which conduct created a hostile and intolerable working environment.

20. In connection thereto, Plaintiff was criticized for speaking Spanish in the office on several occasions by her co-workers, and was subjected to other derogatory remarks from her colleagues. On one such occasion, a colleague by the name of Greg Dottor, approached her and asked her if she had a place "back home" because with Donald Trump, "one never knows."

21. On another occasion, Achey made a derogatory comment towards the Plaintiff to the effect that she could not pronounce a particular Hispanic name due to the fact that she was "too white."

22. Plaintiff registered several complaints with the Defendant's Management, including Nadolski, regarding her belief that she was being subjected to a systematic pattern of racial discrimination and with respect to several aspects of her employment, including her demotion, non-promotion, and the hostile working environment she was experiencing.

23. Plaintiff also registered a complaint with Defendant's Social Equity Office regarding the aforesaid acts of discrimination. Notwithstanding the complaints she registered, Defendant University failed to take any remedial action on her behalf or to cause the aforesaid acts of discrimination to cease and desist.

24. As a result of the aforesaid acts of discrimination against her, Plaintiff was forced to take a sabbatical from her position of employment on or about May 25, 2018. Plaintiff was scheduled to return to her position on or about May 19, 2019.

25. As a direct result of being forced to take the aforesaid sabbatical, Plaintiff lost her medical benefits and was required to exhaust her retirement monies so that her medical coverage could continue during her leave.

26. As a further adverse result of her taking a sabbatical, Plaintiff was informed that she was no longer able to return to her position of her employment and was therefore, constructively terminated from her employment.

27. Plaintiff believes and therefore avers that she was subjected to racial discrimination in the terms, conditions, and privileges of her employment, resulting in her demotion and/or denial of promotion, a hostile working environment, and ultimately in her constructive discharge, as aforesaid. Plaintiff also believes and avers that she was subjected to retaliation, ultimately resulting in her constructive termination.

## COUNT I
### Title VII
### (Racial Discrimination-Hostile Working Environment)
### Plaintiff v. Defendant University

28. Plaintiff incorporates by reference paragraphs 1 through 27 of her Plaintiff as though fully set forth herein at length.

29. Defendant University has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a hostile and offensive working environment. As a direct result of Defendant University's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## Title VII
## (Racial Discrimination-Demotion)
## Plaintiff v. Defendant University

30. Plaintiff incorporates by reference paragraphs 1 through 29 of her Plaintiff as though fully set forth herein at length.

31. Defendant University has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to demoting Plaintiff. As a direct result of Defendant University's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
## Title VII
## (Racial Discrimination-Denial of Promotion)
## Plaintiff v. Defendant University

32. Plaintiff incorporates by reference paragraphs 1 through 31 of her Plaintiff as though fully set forth herein at length.

33. Defendant University has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to denying Plaintiff promotional opportunity. As a direct result of Defendant University's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned

benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### COUNT IV
### Title VII
### (Racial Discrimination-Constructive Termination)
### Plaintiff v. Defendant University

34. Plaintiff incorporates by reference paragraphs 1 through 33 of her Plaintiff as though fully set forth herein at length.

35. Defendant University has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to constructive dismissing Plaintiff from her employment. As a direct result of Defendant University's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### COUNT V
### Title VII
### (Racial Discrimination-Retaliation)
### Plaintiff v. Defendant University

36. Plaintiff incorporates by reference paragraphs 1 through 35 of her Plaintiff as though fully set forth herein at length.

37. Defendant University has engaged in unlawful retaliatory practices in violation of Title VII. The said unlawful practices for which Defendant University is liable to Plaintiff include, but are not limited to, subjecting Plaintiff to retaliatory working conditions after she complained about said harassment, which resulted in her

constructive dismissal from employment. As a direct result of Defendant University's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

38.    Plaintiff incorporates by reference paragraphs 1 through 37 of her Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

    (a)    Defendant reinstate Plaintiff her former position of employment with all of her benefits and emoluments of employment lost, because of their unlawful conduct;

    (b)    Defendant compensate Plaintiff with an award of front pay, if appropriate;

    (c)    Defendant pay Plaintiff's attorneys fees, costs of suit and other expenses as allowed by law;

    (d)    Defendant pay Plaintiff, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

    (e)    Defendant pay Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    (f)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

LOVITZ LAW FIRM

BY: _____
KEVIN J. LOVITZ, ESQUIRE
I.D. No. 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(267)-319-7943 Fax
*Attorney for Plaintiff, Raiza Williams*